IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROJAS, *et al*, | |
| **Plaintiff** | |
| v. | CIVIL NO. 11-1111 (JAG) |
| THE WALDORF ASTORIA COLLECTION d/b/a EL SAN JUAN HOTEL AND CASINO, | |
| **Defendant** | |

## OPINION AND ORDER

Garcia-Gregory, D.J.

Pending before the Court is defendant Waldorf Astoria Collection's ("Waldorf") unopposed Motion to Dismiss plaintiff's Amended Complaint. (Docket No. 30). For the reasons that follow, the Court DENIES defendant's motion.

## BACKGROUND

Plaintiffs bring this action alleging disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Puerto Rico Law 44, P.R. Laws Ann. Tit. 1, § 501 *et seq*. Defendants moved to dismiss plaintiffs' amended complaint, and plaintiffs never opposed. (Docket No. 30).

CIVIL NO. 11-1111 (JAG)                                                    2

First EEOC Complaint

     Plaintiff Lourdes Rojas ("Rojas") began working as a maid
for defendant in March 2004. Rojas performed various
housekeeping duties, which included sewing in the laundry
department and other related tasks. At some point, Rojas was
transferred from the laundry department to the hotel rooms as a
maid. According to Rojas, the duties in the hotel rooms had to
be carried out while standing.

     The complaint states that Rojas began suffering from
varicose veins. Rojas provided defendant with a medical
certificate to that effect, and requested a transfer to another
department where she "could just sit" and perform her duties.
(Docket No. 29, ¶ 14). However, the director of human resources
told her that no such positions were available.

     In January 2008, an ulcer developed in the ankle of Rojas,
where a vein had ruptured. She was hospitalized for a week, and
was subsequently "placed on rest from work" by her doctor for a
period of six months. (Id., ¶ 15). Rojas returned to work in
July of that year, and requested reasonable accommodations from
her employer. The day after her return, Rojas met with her
employer and her union representative to discuss her request.
Three days later, defendant sent Rojas the proposed
accommodation by fax.

CIVIL NO. 11-1111 (JAG)                                        3

The complaint is unclear about what happened with the faxed accommodation. Nonetheless, the Court presumes it was not acceptable because by the end of July, plaintiff filed an EEOC complaint for failure to provide reasonable accommodation. From what the Court can gather, these proceedings were dismissed because Rojas accepted her former position as a maid. (Id., ¶ 20). Rojas returned to work in May 2009.

Second EEOC Complaint

In June 2009, the Puerto Rico State Insurance Fund (PRSIF) informed defendant that Rojas's medical condition had worsened. According to the complaint, she was diagnosed with peripheral vascular insufficiency in the lower extremities. (Id., ¶ 21). Rojas also suffered a variety of other accidents and ailments; she was operated to treat her carpal tunnel condition and she had a micro-fracture in her ankle which required her to use a walker. Finally, the complaint avers that Rojas also suffered two "accidents" at her workplace.[1] (Id., ¶ 21-22). In all, the complaint states that "the plaintiff at this stage is disabled to carry out te [sic] essential functions of her jog [sic], for she cannot stand for long periods of time." (Id., ¶ 21).

---

[1] The complaint does not provide more detail as to these accidents – what they were, how they affected her health, etc.

The PRSIF authorized Rojas to return to work on May 2010. Though she requested reasonable accommodations for her disabilities, defendant allegedly refused. Rojas then filed a second EEOC complaint. Plaintiffs state that the defendant, instead of affording her accommodations, "have made all efforts to worsen [Rojas's] medical condition." (Id., ¶ 27).

## STANDARD OF LAW

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if

they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

DISCUSSION

The ADA prescribes that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Plaintiffs claim that the defendant discriminated against Rojas because they failed to provide reasonable accommodation for her disabilities. Thus, plaintiffs' theory of liability is limited to a reasonable accommodation claim under the ADA.

To make out this type of claim, plaintiffs must show that Rojas 1) suffers from a disability as defined by the ADA; 2) that she was able to perform the essential functions of her job, with or without reasonable accommodation; and 3) that despite knowing of Rojas's disability, the defendant did not reasonably accommodate it. See Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002).

The term "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

CIVIL NO. 11-1111 (JAG)                                                   6

The term "substantially limits" is "construed broadly in favor
of expansive coverage," and "is not meant to be a demanding
standard." 29 CFR § 1630.2. Defendants argue that the complaint
fails to show Rojas was disabled as defined by the ADA, because
she fails to show how her illness substantially limits a major
life activity. The Court finds otherwise. The complaint states
that Rojas suffers from several vascular ailments, permanent in
nature, that impede her ability to stand for long periods of
time. This is enough to infer, at least at this stage, that
plaintiff was a disabled individual under the purview of the
ADA.

        As to the second prong, defendant argues that plaintiffs
conceded the point in the complaint by stating that: "[Rojas] at
this stage is disabled to carry out te (sic) essential functions
of her jog (sic), for she cannot stand for long periods of
time." (Id., ¶ 21). The Court finds that while this concession
is inartful and surprising on the part of plaintiffs' attorney,
it does not support defendant's position when read in context of
the complaint as a whole.

        Neither party delineates with any precision what the
"essential duties" of plaintiff's job were. The complaint states
that Rojas "commenced working for the defendant as a maid, from
which time she performed other duties in the housekeeping

department," which included sewing. (Docket No. 29, ¶ 12). In contrast, her duties as a maid in the hotel's rooms had to be performed while standing up. (<u>Id.</u>, ¶ 13). In any event, it is reasonable to infer that at least some of Rojas's duties as a maid or housekeeper could be performed while sitting down. The complaint also states that Rojas requested that her employer assign her to a department where she "would not be required to stand so long." (<u>Id.</u>, ¶ 14). Thus, the Court interprets plaintiffs' statement to mean that Rojas was unable to perform certain duties of her job standing up. This, however, does not foreclose the possibility that Rojas could have been assigned to duties that did not involve long periods of standing, like her previous sewing assignment.

Defendant does not proffer any argument as to the third prong of the <u>Carroll</u> test, because defendant interprets plaintiffs' claim as a disparate treatment claim rather than as a reasonable accommodation claim. The fact that plaintiffs did not show any "adverse employment action" on the part of defendant is inapposite to our inquiry. In any event, defendant could not prevail on this prong, because the complaint flatly states that Rojas asked for accommodations but defendant refused, and instead told Rojas to retire.

As a final note, the Court also denies defendant's motion to dismiss plaintiffs' state law claims, inasmuch as it is based on the same arguments used to seek dismissal on plaintiffs' federal claims.

## CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of June, 2012.

<u>S/ Jay A. Garcia-Gregory</u>
  JAY A. GARCIA-GREGORY
United States District Judge